T.C. Summary Opinion 2002-98


UNITED STATES TAX COURT


WILLIE BANKS, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 19186-99S.              Filed July 29, 2002.


Justin Jones (specially recognized), for petitioner.

<u>Nhi T. Luu Sanders</u>, for respondent.


PAJAK, <u>Special Trial Judge</u>:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect at the time the petition was filed.  The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority.  Unless otherwise indicated,

subsequent section references are to the Internal Revenue Code in effect for the years in issue.

Respondent determined deficiencies in petitioner's 1996 and 1997 Federal income taxes of $3,704 and $1,294, respectively, and additions to tax under section 6651(a) of $926 and $323.50, respectively. After concessions by petitioner of additional amounts of income, the issues we must decide are whether petitioner is entitled to any deductions in addition to those allowed by respondent and whether petitioner is liable for the additions to tax under section 6651(a).

Some of the facts have been stipulated and are so found. Petitioner resided in Portland, Oregon, at the time he filed his petition.

During the taxable years 1996 and 1997, petitioner was in the real estate rental and/or investment business. At the end of 1997, a tax consultant prepared petitioner's joint 1996 Federal income tax return based on a spread sheet of rental income and expenses and some other papers which were provided to her by petitioner. At the end of 1998, the tax consultant also prepared petitioner's joint 1997 Federal income tax return based on information petitioner provided to her. Each year, the tax consultant provided petitioner with a copy of these returns. Neither petitioner nor his wife ever signed these returns, and they did not file these returns.

During the course of the investigation of petitioner's income tax filing obligations, respondent obtained the unsigned copies of the joint 1996 and 1997 Federal income tax returns, Forms 1040 and accompanying schedules (the draft returns), from the tax consultant hired by petitioner to prepare the 1996 and 1997 Federal income tax returns. Respondent also obtained copies of the work papers used by petitioner's tax consultant to prepare the draft returns.

During the course of respondent's examination, on or about April 14, 1999, petitioner and his wife Earnestine submitted to respondent signed joint Forms 1040X, Amended U.S. Individual Income Tax Return, for the taxable years 1996 and 1997. The amended returns claimed deductions in addition to those reflected on the draft returns. Respondent processed the amended returns as original returns for 1996 and 1997 and assessed the tax as shown thereon.

Respondent issued the notice of deficiency to petitioner and his wife for both taxable years in issue and disallowed the additional deductions claimed on the amended returns. Respondent disallowed these additional deductions because petitioner did not substantiate any of these deductions. Respondent did not question any of the substantial deductions claimed on the draft returns which were the basis for the amended returns. In effect, respondent accepted the draft returns on behalf of petitioner and

his wife. Petitioner's wife did not join in the petition to this Court.

As we discuss below, petitioner refers to the fact that his 19 year old son, Willie Banks, Jr., was murdered in a drive-by shooting.

Deductions are strictly a matter of legislative grace. INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934). Taxpayers must substantiate claimed deductions. Hradesky v. Commissioner, 65 T.C. 87, 89 (1975), affd. per curiam 540 F.2d 821 (5th Cir. 1976). Section 7491 does not change the burden of proof where a taxpayer has failed to substantiate deductions. Higbee v. Commissioner, 116 T.C. 438 (2001). Moreover, taxpayers must keep sufficient records to establish the amounts of the deductions. Meneguzzo v. Commissioner, 43 T.C. 824, 831 (1965); sec. 1.6001-1(a), Income Tax Regs.

Generally, except as otherwise provided by section 274(d) which is not applicable in this case, when evidence shows that a taxpayer incurred a deductible expense, but the exact amount cannot be determined, the Court may approximate the amount, bearing heavily if it chooses against the taxpayer whose inexactitude is of his own making. Cohan v. Commissioner, 39 F.2d 540, 543-544 (2d Cir. 1930). The Court, however, must have

some basis upon which an estimate can be made.  Vanicek v. Commissioner, 85 T.C. 731, 742-743 (1985).

In this case, there is no basis upon which an estimate can be made.  Petitioner had 14 real estate properties during the taxable years in issue.  Petitioner had no books and records, or any evidence of the expenditures in issue.  For trial, petitioner had no reconstructed records to support his claimed additional deductions on the amended returns.  Petitioner said his wife was saddened over the death of her son, which is understandable.  Petitioner claims this made her so upset that she selectively destroyed all the financial records around the time for preparing the 1996 return, again around the time for preparing the 1997 return, and again after petitioner reconstructed records to prepare the amended returns.  As we noted, petitioner's wife signed the amended returns.  It is not believable that she would destroy business records pertaining to her own returns on the convenient occasions mentioned by petitioner.

We are not required to accept petitioner's generalized statements and decline to do so here without supporting evidence.  Geiger v. Commissioner, 440 F.2d 688 (9th Cir. 1971), affg. per curiam T.C. Memo. 1969-159.  We also are not required to accept the self-serving statements of petitioner as correct.  Tokarski v. Commissioner, 87 T.C. 74, 77 (1986).  On this record, we

sustain respondent's disallowance of the additional deductions claimed on the amended returns.

For 1991, petitioner untimely filed his Federal income tax return, Form 1040, on January 19, 1993.  For 1992, petitioner untimely filed his Federal income tax return, Form 1040, on November 14, 1994.  For 1993, petitioner untimely filed his Federal income tax return on December 13, 1994.  For 1994, petitioner untimely filed his Federal income tax return, Form 1040, on November 21, 1997.  For 1995, petitioner untimely filed his Federal income tax return, Form 1040, on November 21, 1997.  For 1998, petitioner untimely filed his Federal income tax return on September 23, 1999.  For 1999, petitioner received an extension within which to file his return to August 15, 2000, and petitioner untimely filed his Federal income tax return on January 2, 2001.

For 1996 and 1997, petitioner untimely filed the Federal income tax returns on April 14, 1999.  Petitioner claims the untimeliness of these particular returns should be excused because he was distraught over the death of his son in November 1996.  As we said in Tabbi v. Commissioner, T.C. Memo. 1995-463, a taxpayer's selective inability to meet his tax obligations when he can conduct normal business activities does not excuse his late filing.  The late filings in question are part of a 9-year pattern which began long before the death of petitioner's son.

Respondent's determination of the addition to tax for 1996 and 1997 is sustained.

Reviewed and adopted as the report of the Small Tax Case Division.

<u>Decision will be entered</u>

<u>for respondent</u>.